## JAMES H. KEELER

*v.*

## PATRICK T. CLIFFORD.

*Filed at Ottawa January 19, 1897—Rehearing denied March 9, 1897.*

1. CONTRACTS—*a contract is generally severable when price is clearly apportioned.* A contract will generally be held severable where the price to be paid thereunder is clearly apportioned to different parts of the work, although the work itself is single and entire.

2. SAME—*on breach by one party other may abandon contract and recover pro tanto.* Upon non-payment of an installment due under a contract the party entitled thereto may abandon the contract and recover the amount actually due thereunder; but he cannot recover lost profits on abandonment, unless prevented by the other party from completing his contract.

3. SAME—*construction of term "to the satisfaction" of party, used in a contract.* Where a contract provides that the work of one party shall be done "to the satisfaction" of the other, the necessary construction of the provision is that the work must be done in such manner that the other party, as a reasonable man, ought to be satisfied therewith.

*Keeler* v. *Clifford,* 62 Ill. App. 64, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

This is an action, brought by appellee against appellant to recover an amount claimed to be due by the latter to the former for a certain grading or leveling, alleged to have been done under the contract hereinafter set forth. It is admitted that, before the work was abandoned, Keeler had paid Clifford $2400.00. It is alleged, however, that Keeler refused to pay any more upon the contract. The case was tried before a jury, and the trial resulted in verdict and judgment for the plaintiff below for $1000.00. This judgment has been affirmed by the Appellate Court, and the present appeal is prosecuted for the purpose of reviewing such judgment of affirmance.

The declaration sets out in substance, the following contract:

*"James H. Keeler:*                    "CHICAGO, *March 31, 1891.*

"I hereby agree to remove all the dirt which has been dredged from the Calumet river south of One Hundred and Sixth street and on the east side of the river, and level the same to correspond with the grade of the Calumet River railway, and the top of the dock south of One Hundred and Sixth street, and that portion of the dirt, which is south of the south end of the dock owned by said James H. Keeler, I will remove east of the half section line of section 18-37-15 to correspond with the grade of said railway, and, when said work is completed, the surface of the land so filled shall be level and in good shape for any purpose. The whole work to be completed by the first of July next, or sooner if desired by James H. Keeler, for the sum of five thousand dollars ($5000.00) to be paid as follows: when one-quarter of said work is finished, $1000.00 is to be paid by said Keeler, and when one-half of said work is completed, another $1000.00 is to be paid by said Keeler, and when three-fourths of said work is completed, another $1000.00 is to be paid by said Keeler, and when the whole work is completed, the unpaid portion of said $5000.00 shall be paid by said Keeler; all of said grading to be done to the satisfaction of said Keeler. It is understood that all of this grading is in the south half of section 18-37-15 and east of the Calumet river, Cook county, Illinois.

P. T. CLIFFORD."

*"Mr. Patrick T. Clifford:*

"I hereby accept your proposition for grading as herein mentioned.                    JAMES H. KEELER."

The declaration then alleges, that plaintiff entered upon the work and continued it until August 31, when he had completed, in value, more than three-fourths of the entire amount of the work to be done under the contract, but that the defendant did not make the payments provided for in the contract, but refused to do so, and would not permit the plaintiff to complete said work, and hindered and delayed him from doing the same, whereby the plaintiff lost great profits and gains, etc., to-wit: the sum of $4000.00.

The only other count is the consolidated common count, including the *quantum meruit* for work and labor. It was

165—35

agreed, that the defendant might offer in evidence, under the general issue, any matter of defense, which could have been introduced under a special plea.

R. A. CHILDS, and CHARLES HUDSON, for appellant.

BOOTH & BOOTH, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

It is assigned as error, that the court instructed the jury in behalf of the appellee, that, if they believed from the evidence that, by the terms of the contract, the defendant Keeler agreed to pay the plaintiff $5000.00 for doing the grading or leveling therein described, at the times and in the manner therein stated, and that the defendant neglected and refused to make such payments at the time the plaintiff was entitled to receive the same (if they should believe from the evidence that the plaintiff was so entitled), then that the plaintiff was justified in abandoning his contract, and was entitled to recover for whatever amount of the grading or leveling the jury might believe from the evidence he had performed at the time he ceased work, less the amount of any sums shown by the evidence to have been paid by said Keeler; but that the jury, in estimating the amount he was entitled to recover, should compute the same according to the price fixed by the contract.

The first objection made to the instruction is, that it leaves it to the jury to construe the contract. The objection is not well taken. The jury are not required by the instruction to ascertain what the contract means; the instruction does not state the reasons and principles of law, by which the jury are to be bound in construing the language used in the contract, nor does it direct the jury to apply those rules and principles of law at their discretion to the question of construction. Nor does the instruction leave it to the jury to say, what any particu-

lar words therein used, mean. (*Streeter* v. *Streeter*, 43 Ill. 155; 2 Parsons on Contracts, *492). It is true, as counsel state, that what a contract means is a question of law, and that the court determines the construction of the contract. But we are unable to see, that the instruction here complained of violates this rule; it is not necessary for the court to explain to the jury, or construe for them, words of ordinary signification. If the counsel for appellant had desired to submit to the jury the question whether one-fourth of the work meant one-fourth in cubic yards moved, or cubic yards leveled, or one-fourth of labor or difficulty of the entire work, he should have presented instructions on that point; but none were asked for.

The next objection urged against the instruction is, that it treats the contract as a severable one. Appellant contends that the contract is entire, and that the appellee was obliged to complete the entire contract, before he could have a standing in court. We do not regard this objection as well taken. The question, whether a contract is entire or severable, cannot be determined by any precise rule, but must depend upon the intention of the parties, which in each case is ascertained from the language employed, and the subject matter of the contract. "If the part to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such a contract will generally be held to be severable. And the same rule holds, where the price to be paid is clearly and distinctly apportioned to different parts of what is to be performed, although the latter is in its nature single and entire." (2 Parsons on Contracts, marg. p. 517). Wharton, in his work on the Law of Contracts, says (sec. 748): "When a consideration is divisible, and the price can be apportioned, then, if a distinct and divisible portion of the consideration fails, the price paid for such portion can be recovered back." (See, also, *Bank of Antigo* v. *Union Trust*

*Co.* 149 Ill. 343.) Here the contract provides, that, when certain portions are completed, certain payments shall be made; by comparing the terms of the contract in evidence with the definition of a severable contract, as given in the quotations above set forth, it will be seen that the contract here is a severable one. The instruction under consideration complies with the law as laid down by this court in a number of cases; we have held, that a party, who complies with his contract, may recover for breach of it by the other contracting party, or he may abandon the contract and recover *pro tanto;* but, in the latter case, the contract price will fix the measure of damages. (*Evans* v. *Chicago and Rock Island Railroad Co.* 26 Ill. 189; *Folliott* v. *Hunt,* 21 id. 654; *Richards* v. *Shaw,* 67 id. 222; *Dwyer* v. *Duquid,* 70 id. 307; *Dobbins* v. *Higgins,* 78 id. 440). In *Dobbins* v. *Higgins, supra,* a contract had been entered into for grading a railroad, for which payments were to be made on monthly estimates; and, on the failure of the railroad to make one of the monthly payments for twelve days or more after it became due, the plaintiffs abandoned the work and sued; and it was there held, that the plaintiffs, having given notice that further failure to pay would be treated as a rescission, were justified in thus abandoning the work, and were entitled to recover for the work done and not paid for, *pro tanto,* at the contract price.

It is also claimed, that the trial court erred in refusing the first instruction asked by the appellant. We think that the instruction was properly refused. It states, that the earth excavated from the river "from the end of the dock to the center line of One Hundred and Eighth street was to be removed by the plaintiff." There is nothing in the contract requiring all the dirt to the center of One Hundred and Eighth street to be removed.

Complaint is also made, that the fourth instruction asked on behalf of the appellant was refused. This instruction told the jury, that if they should find from the evidence, that the work which was performed by the

plaintiff, and the grading done by him, were not done to the satisfaction of the defendant, then their verdict should be in favor of the defendant. This instruction was improper, because, where a contract is required to be done to the satisfaction of one of the parties, the meaning necessarily is, that it must be done in a manner satisfactory to the mind of a reasonable man; the plain construction of the contract in this regard is, that the work was to be completed in accordance with the contract, in such a manner that appellant, as a reasonable man, ought to be satisfied with it. In the nature of things, it would rarely happen that a contract, abandoned or uncompleted by one party, would be fulfilled to the satisfaction of the other party thereto.

The sixth instruction was properly refused because it assumed that the contract, as set forth, was an entire contract, and that, unless each and all of the things called for thereby were done, the appellee was not entitled to recover anything. Under the principles of law already announced, and the construction already given to the contract, it is a severable one, and therefore the court committed no error in refusing to instruct the jury to the contrary.

There was no error in refusing to give the seventh refused instruction, because it required that the appellee should be actually prevented by appellant's act from completing his work. Under the present contract, the appellee was entitled to sue for and recover what was due at the contract price by reason of the non-payment by appellant of the third installment which fell due. The case of *Palm* v. *Ohio and Mississippi Railroad Co.* 18 Ill. 217, cited by counsel for appellant, holds that, unless one party to a contract has been actually prevented by the other from completing his contract, he cannot recover damages for lost profits; but it does not hold that for non-payment, where the contract is a severable one, he cannot sue and recover what is due at the contract price.

Appellant claims, that less than three-fourths of the work had been done, and that appellee was therefore not entitled to receive any further payment; whether or not appellee had completed three-fourths of the work before he brought this suit, and whether or not he was justified in refusing to go on with the work, are questions of fact, which are settled by the judgment of the lower court, and which we have no power to review.

It is furthermore contended, that the trial court excluded proper and material testimony. After a careful examination of the record and of the brief of counsel upon this branch of the case, we are unable to say that any such error was committed, as would justify us in a reversal of the judgment. It was immaterial to the issue what amount of dirt had been dredged from the Calumet river between One Hundred and Sixth and One Hundred and Eighth streets by the United States government. Testimony upon this subject could not have shed any light upon the question at issue, and could only have resulted in bewildering and confusing the jury.

The judgments of the Appellate Court and of the Superior Court of Cook county are affirmed.

*Judgment affirmed.*