(104 N. W. 518.)

---

## William O'Keefe v. William C. Leistikow.

Opinion filed June 12, 1905.

**Sale — Passing of Title.**

1. On a sale of seventy bushels of flax mixed with flax of like quality and grade, the mere fact that there has been no separation of the part sold from the mass will not prevent the title from passing if the parties intend that title shall pass and the property sold has been identified.

Appeal from District Court, Walsh county; Kneeshaw, J.

Action by William O'Keefe against William C. Leistikow. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Gray & Casey,* for appellant.

When the agreement of sale is for a part of a specified stock or mass, a separation and appropriation of the part are necessary, and until they are made the contract is executory and the property in the thing does not pass. 2 Shouler's Personal Property, 256, 257; Meser v. Woodman, 53 Am. Dec. 274; 24 Am. & Eng. Enc. Law (2d Ed.) 1055, 2 Kent, 496; Cleveland v. Williams, 94 Am. Dec. 274; Woods v. McGee, 30 Am. Dec. 202; Warten v. Strane, 8 So. 23; Ganson v. Madigen, 82 Am. Dec. 659; Caruthers v. McGarvey, 41 Cal. 15; McLaughlin v. Piatti, 27 Cal. 452; Foot v. Marsh et al., 51 N. Y. 288; Coplay Iron Co. v. Pope et al., 15 N. E. 335; Pacific Coast Elevator Co. v. Bravinder et al., 44 Pac. 544; Anderson v. Read, 13 N. E. 292.

Three classes of cases occur.

1st. Action will not lie for purchase price until title passes. McCormick Harvesting Machine Co. v. Balfany, 81 N. W. 10; McCormick Harvesting Machine Co. v. Cusack, 74 N. W. 1005; Meser v. Woodman, 53 Am. Dec. 251; Ganson v. Madigan, 82 Am. Dec. 659; New England Dressed Meat & Wool Co. v. Standard Worsted Co., 43 N. E. 112; Backhaus v. Buells et al., 73 Pac. 342.

2d. In conversion or replevin buyer must show that title has vested in him. Cleveland v. Williams, 94 Am. Dec. 274; Galloway v. Week et al., 12 N. W. 10; Woods v. McGee, 30 Am. Dec. 202.

3d. In action between purchaser and one claiming under execution or attachment. Callender v. McLeod, 16 Pac. 194; Harwick v. Weddington, 34 N. W. 868; Anderson et al., v. Crisp, 31 Pac. 638; Caruthers v. McGarvey, 41 Cal. 15; McLaughlin v. Piatti et al., 27 Cal. 452.

Where title has not passed and contract is still executory, action for damages is exclusive, and action for price cannot be maintained. 24 Am. & Eng. Enc. Law, 1118; 19 Pl. & Pr. 4; McCormick Harvesting Machine Co. v. Belfany, 81 N. W. 10; McCormick Harvesting Machine Co. v. Cusack, 74 N. W. 1005; Meser v. Woodman, 53 Am. Dec. 241; Restad v. Engemoen, 67 N. W. 1146; John Deere Plow Co. v. Gorman, 59 Pac. 177.

*DePuy & DePuy,* for respondents.

Where no question under the statute of frauds arises, nor the rights of third parties intervene, whether a sale is completed or

executory depends upon the intent of the parties to be ascertained from the contract and circumstances surrounding the sale. Benj. on Sales (3d Am. Ed.) 268; 21 Am. & Eng. Enc. Law (1st Ed.) 484; Rodee v. Wade, 47 Barb. 53; Gibbons v. Robinson, 29 N. W. 533; Clark v. Shannon, 91 N. W. 923; Byles v. Colier, 19 N. W. 565.

A sale of a certain quantity of flax, which constitutes a portion of a designated uniform mass, will pass title as between the parties without segregation, if the acts and declarations of the parties fairly evince an intention to make it an immediate transfer. Nash v. Brewster, 41 N. W. 105; Mackellar v. Pillsbury et al., 51 N. W. 222; Winslow v. Leonard, 24 Pa. St. 14; Kimberly v. Parchin, 19 N. Y. 330; Russell et al. v. Carrington et al., 42 N. Y. 118; Lobdell v. Stowell, 51 N. Y. 70; Vagar v. Detroit L. & N. R. Co., 44 N. W. 1113; Rail v. Little Falls L. Co., 50 N. W. 471; Muskegon B. Co. v. Underhill, 5 N. W. 1073; Warren v. Milliken, 57 Me. 97; Hill v. Boston R. R. Co., 14 Allen, 439; Bacon et al. v. Gilman, 57 N. Y. 656; Horr et al. v. Barker et al., 8 Cal. 603; Kindman v. Holmquist, 14 Pac. 168; Carpenter v. Graham, 42 Mich. 191, 3 N. W. 974; Young v. Miles, 20 Wis. 646; Clark v. Griffith et al., 24 N. Y. 595; Groat et al. v. Gile, 51 N. Y. 431.

The delivery of an order upon the custodian, the presentation and acceptance by him were tantamount to an acceptance of the goods. Carpenter v. Graham, 3 N. W. 974; Merrick v. Bradley, 19 Md. 50; Scudder v. Bradbiry, 106 Mass. 422; Sigerson v. Parker, 15 Mo. 101; Stanton v. Small, 5 N. Y. Sup. Ct. (3 Sandf.) 230; McCormich v. Madden, 37 Ill. 370; Smith v. Friend, 15 Cal. 124; Magee v. Billingsley, 3 Ala. 679; Whitehouse v. Frost, supra.

Separation by the custodian for a removal by the purchaser is a delivery of both the title and the thing being sold. Wagar v. Detroit, L. & N. R. Co., 44 N. W. 1113; Weld v. Cutler, 2 Gray, 195; Lumprey v. Sargent, 58 N. H. 241; Page v. Carpenter, 10 N. H. 77; Iron Cliff Co. v. Buhl, 42 Mich. 86; Crofoot v. Bennett, 2 N. Y. 258; Brewer v. Salisbury, 9 Barb. (N. Y.) 511; DeGraff et al. v. Byles, 29 N. W. 487.

Upon failure of the purchaser to perform the contract of sale, the seller has three remedies: 1. To hold the property for the purchaser and recover the entire purchase price. 2. To sell as agent of that purchaser, and, after notice to him, recover the difference between the contract price and that realized on the sale. 3. To retain it as his own, and recover the difference between the con-

tract price and the market price at the time and place of delivery Merriam v. Kellogg, 58 Barb. 445; Dustan v. McAndrew et al., 44 N. Y. 72; Hayden v. Demets et al., 53 N. Y. 426; Mason v. Decker, 72 N. Y. 595; Donnell v. Heam, 12 Daly, 230; Siever v. Connolly, 12 N. Y. St. Rep. 616; Bagley v. Findlay ,82 Ill. 524; Wood v. Michaud, 65 N. W. 963.

MORGAN, C. J. Action for the purchase price of seventy bushels of flax. The question involved is whether the transaction involved constituted a sale or a contract for sale, and whether the title to the flax passed to the defendant or not. The facts are as follows: Defendant wrote plaintiff, asking him whether he had some flax for sale. Plaintiff answered by letter, saying that he had seventy bushels of flax for sale. Defendant immediately answered plaintiff's letter, and asked him whether the flax was clean, and how much he wanted for it. This letter was answered, and in the answer plaintiff stated that the flax was clean, and that his price for it was $2 per bushel. Defendant then wrote plaintiff as follows: "I will take the seventy bushels of flax you have on your Ops farm at $2 per bushel for seed. Kindly keep it for me and oblige. Yours very truly, W. C. Leistikow, by J. Dunn." Plaintiff, upon receipt of the above letter, sent the defendant a written order upon his son, with whom the flax was stored, to let the defendant have seventy bushels of flax, and in two or three days thereafter sent the defendant a bill for the price of the flax, $140. After the receipt of this bill, and on May 26, 1902, the defendant wrote the plaintiff another letter, in which he acknowledged the receipt of the bill, and stated that he had sold the farm upon which he intended to use the flax for seed, and for that reason had no use for the flax, but stated that he would "take the flax if you [plaintiff] insist on it." He further stated that, if plaintiff could place it with others, it would be an accommodation to him, and asked plaintiff to notify him if he could not place the flax with others, and he would send a team for it. The letter further stated that one Copps, the bearer of the letter, would like some of the flax, and plaintiff was told in the letter: "And you can give him whatever he may want out of this lot." Upon receipt of this letter the plaintiff drew upon Leistikow through the bank for $140, and did not in any other way answer the letter. The draft was returned unpaid. About May 6th the defendant, through his authorized agent, wrote his name on the back of the order which the plaintiff had

given the defendant upon his son, and turned it over to one Miller, who was working for Leistikow, with instructions to go and get the flax; and Miller presented the order to the plaintiff's son between May 15th and 20th, and signed his name on the back of it, and turned it over to O'Keefe, in whose possession the flax was. Upon indorsing and delivering the order to O'Keefe he stated, as testified by Miller, that "I could go and get the flax whenever I liked," that "the flax was mine, and that no one else could get it only me." There was also conversation between them that O'Keefe would measure the flax for Miller when he came for it. After this order was presented by Miller and accepted, Copps presented the letter from Leistikow for the purpose of taking some of the flax, but his request was refused, and the reason given for such refusal was that Miller's order had been accepted previously. After this no further steps were taken by Leistikow, or any one on his behalf, to take the flax, and it still remains in the granary. This action was then begun. The trial court directed a verdict for the plaintiff for $140, and judgment was entered on the verdict, and defendant has appealed from the order denying a motion for a new trial.

The errors assigned pertain solely to the direction of a verdict and the refusal to grant a new trial. The only question to be decided is whether the title to the flax passed to Leistikow under the facts narrated. If the title did not pass to him, an action for the purchase price will not lie. The defendant's contention is that title did not pass, for the reason that the seventy bushels of flax were not separated from the mass with which they were mingled. It is conceded that there were about eighty-five and a half bushels of flax by measure, and about seventy-four bushels by weight, in the pile. It is undisputed that the flax was all of one quality and grade, and fit for seeding purposes. Was a separation from the mass, or the measuring of the seventy bushels, a condition precedent to the passing of the title to the defendant? We agree that it was not. There was a sale of the flax. It was not an executory contract for the sale thereof. The price was not paid, but that is not necessarily a condition precedent to the passing of title. The payment of it may be waived or it may be insisted on. The flax was in bulk, but its separation is not necessarily a condition precedent to the passing of title. Whether the title passes or not under such circumstances depends upon the intention of the parties, to be gathered from the terms and conditions of the contract and

the circumstances surrounding and attending the sale. There is no rule that can be stated to govern all cases. Each must be controlled by its own facts. There is a diversity of conclusions reached by courts and text-writers as to the rules that should govern in cases where the property sold is mixed in an unseparated mass with other like or similar property. It seems to be generally held that, if the property sold is mixed with other properly not like in quality or size and a certain grade or quality only is sold, then a separation and selection is presumptively a condition precedent to the passing of title. It is also held in many cases that, if there must be measuring or selecting of certain kinds of property from a mass before the price can be ascertained, then no title presumptively passes. These rules are always subject to the intention of the parties. In this case the property was identified and ascertained. The subject-matter of the contract was specified as seventy bushels of flax on the Ops farm. The price was fixed. Delivery was not dependent on the payment of the price, but prepayment waived. Nothing was undetermined, or dependent upon measuring or weighing of the flax. The mere fact that the seventy bushels were mingled with other flax is not of controlling importance unless something was to depend upon the measuring. The evidence shows an intent to pass the title at once. There is nothing in the record to negative an intention on the part of the seller to part with the property, nor on the part of the buyer to accept it at once. The buyer and seller became tenants in common of the flax, each having the right to take his share therefrom. The following cases are in point on this question: Mecham on Sales, section 516; Hurff v. Hires, 40 N. J. Law, 581, 29 Am. Rep. 282; Mackellar v. Pillsbury, 48 Minn. 396, 51 N. W. 222; Nash v. Brewster, 39 Minn. 530, 41 N. W. 2 L. R. A. 409; Kimberly v. Patchin, 19 N. Y. 330, 75 Am. Dec. 334; Chapman v. Shepard, 39 Conn. 413; Hoffman v. King, 58 Wis. 314, 17 N. W. 136; Young v. Miles, 20 Wis. 615; Newhall v. Langdon, 39 Ohio St. 87, 48 Am. Rep. 426; Howell v. Pugh, 27 Kan. 702; Riddle v. Varnum, 20 Pick. 280; Straus v. Minzesheimer, 78 Ill. 492; Crofoot v. Bennett, 2 N. Y. 258; Welch v. Spies, 103 Iowa, 389, 72 N. W. 548; Waldron v. Chase, 37 Me. 414, 59 Am. Dec. 56. Section 3552, Rev. Codes 1899, declares the same principle as follows: "The title to personal property sold or exchanged passes to the buyer whenever the parties agree upon a present transfer and the thing itself is identified, whether it is separated from other

things or not." This section makes the change of title a matter of intention or contract, and makes the matter of separation immaterial if the property is identified. Appellant claims that a like section in the California code has been construed by the supreme court of that state, and there held in Blackwood v. Cutting Packing Co., 76 Cal. 212, 18 Pac. 248, 9 Am. St. Rep. 199, that separation is necessary before title passes. In that case the facts were not similar to the facts of this one, but even in that case separation is stated to be unnecessary where the goods are identified.

The order is affirmed. All concur.