WILL FREEMAN v. A. J. CLARK, George L. Lillie, Maxbass Security Bank, a Corporation, John D. Gruber Co., a Corporation, and Imperial Elevator Company, a Corporation.

(149 N. W. 565.)

**Irregularity in the trial — party consenting and benefiting thereunder — cannot complain on appeal.**

1. A party to a litigation who has consented to an irregularity in the trial, and is the beneficiary thereunder, cannot complain of the same upon appeal.

**Seed liens — time of filing — statutory time begins to run from date of last bona fide delivery.**

2. The last bona fide delivery of a part of a single purchase of different kinds of seed constitutes the date from which the thirty-day limitation for filing begins to run.

**Amount in bushels stated in lien — mistake — unitentional.**

3. Facts examined, and *held*, that the number of bushels stated in the lien was not intentionally misstated.

**Filing lien against both tenant and landlord — does not vitiate lien.**

4. The filing of the lien against both the tenant and the landlord in this case does not vitiate the lien.

Opinion filed October 13, 1914.  On Petition for Rehearing November 24, 1913.

Appeal from the District Court of Bottineau County; *Burr,* J. Affirmed.

*Noble, Blood, & Adamson,* for appellants.

As clearly appears from the complaint, there is no cause of action alleged against defendant bank.  The complaint shows no right as against the bank, nor does it show an infringement of any rights or any wrong done by the bank.  Marquat v. Marquat, 12 N. Y. 341; Atkinson, T. & S. F. R. Co. v. Rice, 36 Kan. 593, 14 Pac. 229; Clarke v. Ohio River R. Co. 39 W. Va. 732, 20 S. E. 696; Miller v. Hallock, 9 Colo. 551, 13 Pac. 541; Post v. Campau, 42 Mich. 90, 3 N. W. 272; Fields v. Daisy Gold Min. Co. 26 Utah, 373, 73 Pac. 521.

The lien being wholly statutory, a strict compliance with all of the provisions is required, or no lien will be created.  25 Cyc. 662, and cases there cited.

A statute requiring the notice to be filed a certain number of days after the materials are furnished protects or secures only to the amount furnished within such time prior to the filing. 27 Cyc. 142; Spencer v. Barnett, 35 N. Y. 94; Tiley v. Thousand Island Hotel Co. 9 Hun, 424; Goodale v. Walsh, 2 Thomp. & C. 311.

The sale of the wheat, and the sale of the flax, are divisible. The lien for the flax is separate from that for the wheat. Schlosser v. Moores, 16 N. D. 185, 112 N. W. 78.

Knowingly misstating the quantity or its value, or the name of the person to whom furnished, vitiates the lien. Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384.

*Christianson & Weber,* for respondent.

The defendant Lillie was clearly a nominal defendant, having no interest in the controversy, and his appeal should be dismissed. It is prerequisite to the validity of an appeal that the party has an interest in the subject-matter of the suit. 2 Cyc. 628, and cases cited.

The theory adopted by the parties in the court below, and pursuant to which the trial was there conducted, cannot be disturbed for the first time in the supreme court.

Where irregularities occur on the trial, the parties who concur in them, and are benefited thereby, cannot complain on appeal. Ugland v. Farmers' & Merchants' State Bank, 23 N. D. 536, 137 N. W. 572.

The statute uses the word "furnished" to furnish means to supply or provide. Rev. Codes 1905, §§ 6271, 6272; Delp v. Bartholomay Brewing Co. 123 Pa. 42, 15 Atl. 871.

The rule obtaining in the case of mechanics' liens applies to seed-grain liens as to manner of filing with respect to time of delivery. The time allowed in which to file the lien begins to run from the date of the last bona fide delivery. Schlosser v. Moores, 16 N. D. 185, 112 N. W. 78; 27 Cyc. 145.

In the case at bar there was but one single contract for different kinds of seed grain. A lien for each kind might have been filed, but it was proper to include all in one statement for lien, properly itemized. Helena Steam-Heating & S. Co. v. Wells, 16 Mont. 65, 40 Pac. 78; Nye & S. Co. v. Berger, 52 Neb. 758, 73 N. W. 274; Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225.

BURKE, J.   Defendant Clark was a renter upon a farm owned by
the defendant Lillie.   Under the terms of his lease, he had agreed to
furnish the seed for the year 1911, but was financially unable to pur-
chase the same.   The landlord, Lillie, had seed wheat upon the farm,
and flax seed near by, but was apparently unwilling to sell the same to
his tenant.   Under those circumstances, in the month of November,
1909, the tenant Clark went to the plaintiff Freeman, and solicited him
to buy the seed grain from Lillie before the price should advance.   An
agreement to this effect was made, and Freeman purchased from Lillie
650 bushels of seed wheat at $1 per bushel, and 60 bushels of flax at
$2.50 per bushel, it being agreed between the parties that Lillie should
keep said grain until such time as the same should be needed for seed-
ing in the spring of 1911, when Clark was to call for the same, help
to clean the grain, and seed the same upon the land.

In the spring of 1911 Clark called for 545 bushels of wheat and
60 bushels of flax, and actually planted the same upon the land.   Fifty-
five bushels of the wheat were sold to a third party, and 50 bushels of
wheat traded for seed barley, which he likewise planted upon the land.
The first delivery of wheat was made April 11th, and the last on the
12th of June, and the flax was delivered between the 24th of May and
the 3d of June.   However, the last delivery of wheat planted upon the
land in question was on the 5th of May, while the wheat that was
traded for barley was taken on the 12th of June.   The agreement be-
tween Clark and Freeman is not materially in dispute.   Clark was to
pay to Freeman the same price that Freeman had paid to Lillie, and, in
addition, what Clark says was to be 12 per cent interest, and what Free-
man says was 1 cent a month upon the wheat and 2 cents upon the flax.

Upon the 22d of June, Freeman filed a seed lien with the register of
deeds upon said crops for 650 bushels of wheat of the value of $689,
and 60 bushels of flax of the value of $159.   It is agreed that the grain
raised upon the land in question was about 1,000 bushels of wheat and
1,000 bushels of flax, all stored in the elevators of the defendant Gruber
Company, Farmers Elevator Company, and Imperial Elevator Com-
pany.   It is also agreed that the defendant Clark has paid no part of the
said indebtedness, although demand was made therefor.   Prior to all
these transactions, and on the 1st day of October, 1910, the tenant Clark
had executed a chattel mortgage upon this same crop, which indebted-

ness is likewise unpaid, and that on the 23d of December, 1910, the defendant Clark executed a similar chattel mortgage to the defendant Maxbass Security Bank. This action was brought by Freeman against Clark for a foreclosure of his lien, but all of the other parties mentioned were named as defendants, and, although the practice was irregular, no demurrer was taken to the complaint upon that ground, and the only defendants that answered were Lillie and the Maxbass Security Bank, who now appeal. The defendant Clark obtained permission to answer after he had defaulted, but failed to file an answer. The real controversy is between Freeman and the Maxbass Security Bank. The defendants not in court are in no position to urge the irregularity of the proceedings, and neither is Lillie, who has no interest in the litigation excepting possibly his costs. The trial court made an order that the grain grown upon the land be sold and the proceeds applied, first, to the payment of the indebtedness due upon the seed lien to Freeman, and then upon the indebtedness to the bank.

(1) The first ground for a reversal urged by appellants goes to the irregularity of the proceedings and the order of the trial court converting the foreclosure action into one "quieting title to personal property." Respondents admit the irregularity, which they explain was due to the ingenuity of previous counsel in the case, but insist that the appellant bank is in no position to take advantage of this technicality, being a beneficiary under the decree and a participant in all of the proceedings below. This is a view that appeals to us. See Ugland v. Farmers' & Merchants' State Bank, 23 N. D. 536, 137 N. W. 572, where it is said: "The theory adopted by the parties in the court below, and pursuant to which the trial was there conducted, cannot be disturbed for the first time in the supreme court."

(2) Appellant next alleges that the lien was not filed within thirty days after the furnishing of the seed grain in controversy. It is its theory that the grain was sold to Clark in the fall of 1910, but we do not believe the facts justify that conclusion. The wheat and flax together constituted the seed to be planted on the land in question, and the last bona fide delivery of the lot constitutes the date from which the thirty days' limitations started to run. This was June 3d. The lien was filed in time.

(3) A third objection to the judgment is that the kind and quantity

of seed is not accurately recited in the lien filed, the lien reciting the sale of 650 bushels of wheat, while only 545 were actually used. This is explained by the fact that 55 bushels were sold to another party, and 50 bushels traded by Mr. Clark to a neighbor for barley seed, and that the barley was actually planted. It is conceded that Mr. Freeman furnished 50 bushels of wheat, which was used in securing barley, but, no lien being asked for the barley, it is lost. This irregularity will not vitiate the lien.

(4) Appellant also insists that the lien is void because it is therein stated that the grain was furnished to Clark and Lillie. As Lillie was the owner of the land, this mistake might easily be made by a layman, but is not of a nature to vitiate the lien. The trial court made conclusions of law as aforesaid, allowing plaintiff $595 for the wheat, and $178.75 for the flax, with interest thereon at the rate of 7 per cent from the 1st of December, 1910, which conclusions have been accepted by the respondent in this case, although in fact the interest therein stated is too low. That part of the judgment is therefore adopted by us, and in all things affirmed. As no complaint has been made by either appellant or respondent as to that portion of the judgment which allows the Maxbass Security Bank the residue of the grain, it will not be disturbed by this court. The judgment of the trial court is in all things affirmed.

## On Petition for Rehearing.

Appellant has filed a petition for rehearing, claiming that the opinion is inconsistent with the holding in Schlosser v. Moores, 16 N. D. 185, 112 N. W. 78. We do not think the inconsistency exists. In the earlier case it was held that where the contract was divisible the lienor must look to the crop raised from the particular kind of seed. In the case at bar the question is whether or not the lienor must file a separate lien for each kind of seed sold by him. We have held the contract entire and indivisible so far as filing of the lien is concerned, and that there need be but one lien filed. This clearly differentiates the case at bar from the Schlosser Case.

Petition for rehearing is denied.