ANTON JUNO, Appellant, v. NORTHLAND ELEVATOR COM-
PANY, a Corporation, Respondent.

(216 N. W. 562.)

**Sales — fungible goods subject matter of contract — title will pass immediately without separation, intention of parties.**

    1. Fungible goods may be the subject matter of a contract of sale and title

---

Note.—(1) Intention of parties as to necessity of dividing bulk on sales of part of a mass, see annotation in 26 L.R.A. (N.S.) 54; 23 R. C. L. 1348.

will pass immediately without separation of the part sold from the remainder if the parties so intend, and especially is this so where the seller is under no obligation to deliver the property elsewhere.

**Agriculture — seed lien — filed within thirty days — grain part of mass in seller's graneries.**

2. Under § 6852 of the Compiled Laws of 1913, which provides that any person entitled to a seed lien shall within thirty days after the seed is furnished file a statement in the office of the register of deeds, a lien statement filed within thirty days after the making of a contract of sale of seed grain, which remained a part of a mass in the granaries of the seller for more than sixty days thereafter, evidences a valid lien.

**Agriculture — seed grain — furnished when title is passed to purchaser.**

3. "The seed is furnished," within § 6852 of the Compiled Laws of 1913, when the title is transferred to the purchaser under an express arrangement for credit for the purchase price, though the possession be not changed.

Opinion filed November 4, 1927.  Rehearing denied December 29, 1927.

Agriculture, 2 C. J. § 60 p. 1006 n. 1; § 82 p. 1012 n. 85.  Sales, 35 Cyc. p. 44 n. 94.

Appeal from the District Court of Divide County, *Moellring*, J.
Reversed and new trial granted.

*T. S. Stuart*, for appellant.

"Where the lawful form of contracting is pursued vesting of the title always depends upon the intention of the parties to be derived from the contract and its circumstances, and actual weighing and setting aside the goods are only circumstances from which the intention may be inferred as a matter of fact."  Winslow Lanier & Co. v. Leonard, 24 Pa. 14, 62 Am. Dec. 354.

"Sale of personal property is complete and passes title to the buyer although the thing sold has not been measured or the quantity ascertained in any way where it is apparent that it is the intention of the seller to transfer the title and of the buyer to accept it."  Sewell v. Eaton, 6 Wis. 490, 70 Am. Dec. 471.

"One tenant in common has the right to sever and take his own share of personal property where the property is all of the same kind."  Channon v. Lusk, 2 Lans. 211.

"Upon a sale of a specified quantity of grain, its separation from a

mass indistinguishable in quality or value in which it is included is not necessary to pass the title where the intention to do so is otherwise made clearly manifest." Rodee v. Wade, 47 Barb. 53.

*Braatelien & Braatelien,* for respondent.

Seed liens are wholly statutory and one claiming the benefits of a statutory seed lien must substantially comply with the statute. Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384; Bovey-Shute Lumber Co. v. Thomas, 42 N. D. 12.

"The lien is entirely analogous to the liens of mechanics and materialmen, and such liens are never extended by the courts beyond the fair and reasonable import of the language used in the statute." Chaffee v. Edinger, 29 N. D. 537, 151 N. W. 223.

BIRDZELL, Ch. J.   On the merits there is involved in this appeal but one question: Whether or not a seed lien filed before the purchaser takes possession of the grain is valid. The lien statement was sworn to by the claimant on February 28, 1923, and was filed in the office of the register of deeds on the 3d of March, 1923. The claimant testified that at the time of the execution of the lien statement the grain was in his granaries and that it remained there until the latter part of April or the first part of May, at which time it was hauled away and subsequently seeded upon the land described in the lien statement.

Section 6851 of the Compiled Laws of 1913 provides that a person furnishing to another seed to be sown or planted shall, upon filing the statement provided for in the next section, have a lien upon the crop produced from the seed so furnished to secure the payment of the purchase price; and § 6852 provides that any person entitled to a lien "shall within thirty days *after the seed is furnished* file in the office of the register of deeds of the county in which the seed is to be sown or planted a statement in writing, verified by oath, showing," etc.

The case turns on the meaning of the portion of the statute which we have italicized. It is argued that the seed was not furnished within the statute until it was taken from the possession of the vendor and that, as the lien statement was not filed within thirty days after that date, there is no valid seed lien. Furnish means "to provide for; to provide what is necessary for;" to "supply; give; afford." Webster's New International Dictionary. If, prior to the filing of the lien statement,

56 N. Dak.—15.

the parties had contracted for seed grain in such a manner as to evidence an intention on the part of the seller to transfer title and right to possession immediately and, on the part of the purchaser, to take title while the grain was still in granaries in the possession of the seller, title would pass at such time and the grain would be to all intents and purposes furnished to the buyer. It does not appear that the seller had undertaken to do anything further to effect a delivery of the grain to the buyer. The evidence shows that the purchaser sent his boy for the grain and that he hauled it away. This circumstance, occurring before any controversy had arisen with reference to the validity of the lien, is a strong indication that delivery, so far as the seller was concerned, was regarded as complete before the lien was filed. It would appear from these circumstances that the place of delivery was the seller's granaries and that it was the duty of the buyer to take possession of the grain at such place, rather than the duty of the seller to send it to the buyer. See § 6002a43, Supplement to the Compiled Laws of 1913 (§ 43 of the Uniform Sales Act). It is familiar law that fungible goods may be the subject matter of a contract of sale and that title may pass immediately if the parties so intend and without any separation of the part sold from the part remaining unsold. Section 6002a6, Supplement to the Compiled Laws of 1913 (Uniform Sales Act, § 6). Long prior to the passage of the Uniform Sales Act this court was committed to that doctrine. In O'Keefe v. Leistikow, 14 N. D. 355, at page 360, 104 N. W. 515, 9 Ann. Cas. 25, the rule applicable to the passing of property in circumstances analogous to those of the instant case was expressed as follows:

"The subject-matter of the contract was specified as seventy bushels of flax on the Ops farm. The price was fixed. Delivery was not dependent on the payment of the price, but prepayment waived. Nothing was undetermined, or dependent upon measuring or weighing of the flax. The mere fact that the seventy bushels were mingled with other flax is not of controlling importance unless something was to depend upon the measuring. The evidence shows an intent to pass the title at once. There is nothing in the record to negative an intention on the part of the seller to part with the property, nor on the part of the buyer to accept it at once. The buyer and seller became tenants in common of the flax, each having the right to take his share therefrom."

—Citing numerous authorities. See 1 Williston, Sales, 2d ed. §§ 155, 156.

We are of the opinion that the title to and right to possession of the grain in the instant case passed upon the making of the contract in February. After that nothing was dependent upon the continued possession of the seller. The lien statement indicates that there was a stipulation for credit and, hence, no seller's lien. Section 6002a54, Supplement to the Compiled Laws of 1913 (Uniform Sales Act, § 54). In our opinion the plaintiff in the instant case furnished the seed grain to the purchaser at the time of the making of the contract and, as the lien statement was filed within thirty days from that time, it evidences a valid lien. It was therefore error to exclude the statement and to order the judgment appealed from.

This opinion is not to be construed as holding that the thirty-day period will necessarily begin to run in all cases where a contract is made sufficient in law to pass title to a given quantity of grain, which at the time is intermingled with other grain belonging to the seller and which continues in his possession. There may be circumstances, such as the existence of a seller's lien, which would indicate that as between the parties the grain is not furnished, within the statute, at the time of the making of the contract, in which case the thirty-day period of the statute might not begin to run until the purchaser actually takes possession. See Freeman v. Clark, 28 N. D. 578, 149 N. W. 565.

Some procedural questions are raised upon this appeal which, in view of the terms of the judgment appealed from, we deem it unnecessary to pass upon.

Judgment reversed and the cause remanded for a new trial.

BURKE, NUESSLE, CHRISTIANSON, and BURR, JJ., concur.