## The Fair, Appellant, v. The Estate Stove Company, Appellee.

### Gen. No. 31,733.

1. CONTRACTS—*necessity that both promises bind in bilateral agreement.* In a bilateral agreement both promises must be binding or neither is binding.

2. CONTRACTS—*when contract does not give arbitrary right to reject order.* Under a contract whereby a stove manufacturer agrees to deliver to a retail store orders for stoves that are subject to the approval of the credit department of the store with respect to the credit of purchasers making deferred payments, the credit department must act reasonably in passing upon the credit of a purchaser, and the contract therefor cannot be held invalid for lack of a valid consideration on the theory that the store can arbitrarily reject any order and is not bound by the contract.

MATCHETT, P. J., dissenting.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Reversed and remanded. Opinion filed December 12, 1927.

DENT, DOBYNS & FREEMAN, for appellant.

MOSES, KENNEDY, STEIN & BACHRACH, for appellee; HAMILTON MOSES and WALTER H. MOSES, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of assumpsit to recover damages for the alleged breach of a contract. The declaration in two special counts declared on a written contract. In addition the plaintiff filed the common counts. A demurrer was sustained to the two special counts. The cause was then submitted to the court without a jury and after hearing the court found the issues in favor of the defendant and plaintiff appeals.

The record discloses that on the trial plaintiff offered the written contract declared on in the first two special counts as the basis of its cause of action under the common counts. The court excluded the contract on the ground that it was void for want of consideration, and plaintiff having no evidence to sustain its claim, the finding and judgment in favor of the defendant followed.

The sole question involved in this case is whether the written document signed by plaintiff and defendant is a valid and binding contract. Counsel for the defendant state that "The trial court held this agreement void for want of mutuality of obligation and lack of consideration," but we think the ruling of the trial judge was that the contract was unenforceable because there was no valid consideration. In Vol. 1 Williston on Contracts, sec. 140, the author states that where it is said a contract is unenforceable for want of mutuality, such statement is likely to cause confusion and is unnecessary.

The record discloses that plaintiff owns and conducts a retail department store in Chicago; that defendant was an Ohio corporation for the manufacture of stoves, and desired to have them sold by plaintiff; that on October 28, 1925, both parties executed a written agreement, the interpretation of which is the subject matter of this suit. It appears from the evidence that after the execution of the contract and in accordance with its terms, defendant employed salesmen to solicit sales for its stoves, the sales to be made in the name of plaintiff; that orders were taken for the sale of 26 stoves, cash payment was made, and the deferred payments were apparently evidenced by promissory notes, which were delivered by the defendant to the plaintiff and accepted by the latter. It further appears that although the written contract called for 120 orders for the stoves, defendant procured but 26 and refused to proceed further with the solicitation

of orders. Afterwards plaintiff brought the instant case to recover damages for defendant's alleged failure to procure the remaining 94 orders.

Defendant contends that the judgment is right and should be affirmed because by the terms of the contract it was required to procure orders "acceptable to The Fair" (plaintiff), and that plaintiff could arbitrarily reject any orders given; that it was not obligated to accept any orders the defendant might procure and therefore the contract was void for lack of consideration. Of course it is axiomatic that in a bilateral agreement both promises must be binding or neither is binding. Section 103e, 1 Williston on Contracts. We are, however, unable to agree with defendant's contention, but are of the opinion that the meaning of the contract is that the plaintiff would not be warranted in rejecting an order tendered by the defendant unless it acted reasonably and in good faith. The material portions of the contract are as follows:

"3. The Company (defendant) further agrees that the men so employed by it will procure, and it will deliver to The Fair on or before December 31, 1925, signed orders acceptable to The Fair, together with first cash payments, and duly executed promissory notes for unpaid balances on such orders, covering one hundred and twenty (120) Estate Heatrolas.

"6. All deferred payment contracts delivered hereunder shall be subject before acceptance to the approval of the Credit Department of The Fair with respect to the credit standing and reputation of the purchaser and the contract forms used shall expressly so state."

We think the fair interpretation of these two paragraphs is that where the defendant procures an order and tenders it with the first cash payment and promissory notes, as provided in paragraph 3 of the contract for acceptance as provided in paragraph 6 of the contract, the credit department must act reasonably in

passing upon the credit of the person executing the order, and that it has no right to arbitrarily refuse to accept orders. With this construction the contract is of course valid and enforceable. *Keeler v. Clifford,* 165 Ill. 544; *Union League Club v. Blymyer Ice Mach. Co.,* 204 Ill. 117; *Gibb v. Irving Park Dist.,* 197 Ill. App. 480; *Bishop v. Bloomington Canning Co.,* 307 Ill. 179.

In the *Keeler* case the contract provided that certain grading was to be done by one of the parties "to the satisfaction" of the other; and it was held that a proper construction of the contract was that in determining whether the work was done to the satisfaction of the party, the latter must act as a reasonable person. The court there said (pp. 548–49): "This instruction told the jury, that if they should find from the evidence, that the work which was performed by the plaintiff, and the grading done by him, were not done to the satisfaction of the defendant, then their verdict should be in favor of the defendant. This instruction was improper, because, where a contract is required to be done to the satisfaction of one of the parties, the meaning necessarily is, that it must be done in a manner satisfactory to the mind of a reasonable man; the plain construction of the contract in this regard is, that the work was to be completed in accordance with the contract, in such a manner that appellant, as a reasonable man, ought to be satisfied with it."

In the *Union League Club* case, the Ice Machine Company had sold it a certain machine. The contract of sale provided, *inter alia:* "We also agree that, in case the machine proves unsatisfactory for any other cause than those above stated, we shall remove it from said premises, replacing the boxes in the same condition in which they were when we entered the premises, and it shall be optional with the said Union League Club to accept and pay for the machine or not, as it

may please." It was held that this provision did not give the Union League Club the arbitrary right to reject the machine, but its rejection should be placed upon some reasonable ground.

In the *Gibb* case the late Mr. Justice Baker in delivering the opinion of the court said (p. 481): "Where a contract provides that services to be performed must be satisfactory to the employer, such clause means that the services should be such that as a reasonable person the employer ought to be satisfied therewith. *Keeler v. Clifford,* 165 Ill. 544."

In the *Bishop* case the contract under consideration provided: "It is further agreed that in event results are unsatisfactory to either party, either from standpoint of financial profits or for any other good or sufficient reason, cancellation of the contract or agreement can be effected by the giving of written notice"; and it was held that to warrant the Canning company in refusing to permit Bishop to continue his services for it, the Canning company must act in good faith and without fraud.

Counsel for the defendant have written an able brief and submitted many authorities from this and other States tending to sustain their view of the matter. We think it would serve no useful purpose to discuss these authorities as, obviously, they must all be considered in view of the particular contracts involved. But we are of the opinion that, upon a consideration of the contract in the instant case and in view of the authorities above discussed, plaintiff would not be warranted in rejecting an order unless it acted reasonably in the matter. In this view it follows that the contract was not void for want of consideration. The court erred in sustaining the demurrer to the special counts.

The judgment of the superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

McSURELY, J., concurs.

MR. PRESIDING JUSTICE MATCHETT dissents.