[Civ. No. 1030.    Second Appellate District.—November 15, 1911.]

## CHARLES H. BLAIR, Appellant, v. BROWNSTONE OIL AND REFINING COMPANY, a Corporation, Respondent.

ACTION FOR SERVICES—CONTRACT TO DEEPEN OIL WELL—FAILURE TO FURNISH TOOLS AGREED—PRIOR NEGLIGENCE OF PLAINTIFF'S SERVANT—PREVENTION OF PERFORMANCE — DEFENDANT ESTOPPED.—In this action to recover damages for the reasonable value of services performed by plaintiff under a contract with defendant to deepen an oil well on defendant's land to a depth of 1,500 feet, at a stipulated price, by the terms of which defendant was to furnish all necessary machinery, tools, etc., to complete the contract, where it appears that by the careless handling by plaintiff's servant of part of the tools furnished plaintiff was unable to shut off the water for further performance, without an additional necessary tool of a wire cable, which plaintiff requested of defendant corporation, and which it failed to furnish as agreed, and it is apparent that if it had furnished the same, plaintiff could have completed its contract, and was prevented by such failure from performing the same, it is held that defendant is not in a position to complain of plaintiff's negligence while in such default on its own part.

ID.—UNSUPPORTED FINDING—COMPROMISE AND CANCELLATION OF CONTRACT—UNAUTHORIZED ACT OF SECRETARY OF CORPORATION.—A finding that there was a compromise and settlement of all demands, and a cancellation of the contract between the parties, is unsupported by the evidence, where the only party representing the corporation was its secretary, who in the absence of authority from the board of directors, or of any facts appearing from which any ratification thereof by the corporation would follow, is without any authority, express or implied, to release the plaintiff's obligation or cancel the contract, even if done with the plaintiff's consent.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

William H. Fuller, and Chas. E. Putnam, for Appellant.

Geo. E. Farrand, and Leonard B. Slosson, for Respondent.

SHAW, J.—The complaint alleged that on October 3, 1908, plaintiff and defendant entered into a contract whereby the former, for a stipulated price per foot of depth, agreed to shut off the water, drill, construct and complete for defendant its oil well No. 5 from its then depth to a depth of 1,500 feet. By the express terms of this agreement defendant was to "furnish the derrick and all machinery, tools, cordage, lights, water, fuel, casing, casing-shoes, tubing and rods necessary for the deepening and drilling of the said well No. 5 from its present depth to a depth of 1,500 feet." It was further alleged that, on October 6th, plaintiff, pursuant to the terms of the contract, commenced work on the well and he and his employees performed seventy-nine days' labor in the prosecution of the work; that plaintiff was unable to deepen the well and complete the contract in accordance with the terms thereof by reason of the fact that defendant failed and refused to furnish plaintiff with the necessary and proper tools for the performance of the work; that had said defendant furnished the necessary and proper tools in accordance with the agreement, and which it had neglected and refused to furnish plaintiff, the latter could and would have been able to have drilled the well to the depth of 1,500 feet as required by the contract; that by reason of defendant's said failure to furnish the necessary tools plaintiff was prevented from performing the work, to his damage in the sum of $1,912.65. There is set out in the complaint a second cause of action, whereby plaintiff sues for the value of the work, labor, services and materials furnished defendant, the value of which is alleged to be the sum of $1,912.65. The answer denied the making of the contract, as well as other material allegations of the complaint. It also, as a separate defense, alleged an oral understanding and agreement with plaintiff, whereby said plaintiff and defendant settled and compromised all claims and demands then existing between plaintiff and defendant by reason of any work theretofore done and performed by plaintiff for defendant.

Judgment went for defendant, from which, and an order denying his motion for a new trial, plaintiff appeals.

The court found the contract was made as alleged and that on October 6th, plaintiff entered upon the performance of the covenants on his part therein contained, and expended the

sum of $1,263.65 in the performance of seventy-nine days' labor thereon. It also found that at the time when plaintiff commenced the work the casing in the well was broken and parted, which fact was known to plaintiff; that one of plaintiff's employees handled the tools in a careless and unskilled manner, by reason whereof the tools were stuck in the well and could not be removed therefrom; that on January 18, 1909, plaintiff demanded that defendant furnish him with a wire cable to be used in the performance of the work, all other necessary tools having been supplied by defendant, but which cable defendant failed to furnish; and the court finds that "plaintiff's inability to shut off the water from said well and remove the tools therefrom was due to the failure of said defendant corporation to furnish plaintiff with said cable, and to the careless and negligent manner in which said employee of plaintiff used and handled tools in working in said oil well." By implication, at least, the court finds that this cable was a proper and necessary tool to be used in doing the work called for by the contract. Had it been supplied, plaintiff could have performed the contract. Thus construed, it appears that plaintiff was prevented from performing his contract by reason of defendant's default in furnishing proper and necessary tools. Defendant was not in a position to complain of plaintiff's negligence so long as it was in default in supplying him with the proper tools with which to perform his contract. Any interpretation of the finding other than that here given would render the finding wholly inconsistent with reference to the facts found. The finding does not support the judgment.

The court further found that plaintiff and defendant, in September, 1909, compromised and settled between themselves all claims or demands of any nature existing between them, and did then and there each release the other from any and all claims and demands growing out of the work done by plaintiff under the said contract, and by mutual agreement canceled and destroyed said contract, together with another made between said parties upon the same date. Defendant was a corporation, and the contract made was in writing. It appears from the evidence that several months after plaintiff had ceased work upon the well, he called upon the secretary of the defendant company and, according to the testimony of

the secretary, said that he did not want the contract in question, nor another contract made for the drilling of a new well, brought up against him upon a claim for damages. The secretary said: "What do you want me to do?" to which plaintiff replied: "I want the contract destroyed." The secretary then said: "The contract is not here, Mr. Blair; I have not got it, but I can get it." "Well," said the plaintiff, "you can destroy the signatures and send it to me." Later the secretary sent one copy of the contract, which was executed in duplicate, to plaintiff with the name of the president of the company cut off. Section 1699 of the Civil Code provides: "The destruction or cancellation of a written contract, or of the signatures of the parties liable thereon, with intent to extinguish the obligation thereof, extinguishes it as to all of the parties consenting to the act." Under the provisions of this section, the evidence quoted would justify the finding complained of, were it not for the fact that the record is silent in that it fails to show any authority, either express or implied, on the part of the secretary to thus release plaintiff from his obligations under the terms of the contract, if he had in fact, without defendant's fault, failed to comply with the terms thereof. The act of the secretary was wholly without any authority on the part of the board of directors of the corporation. Nor is it made to appear from the record that the corporation had any notice of the secretary's act or proposed rescission of the contract, and no facts are shown from which a ratification thereof would follow. The effect of the attempted rescission and release was to make a new contract between the parties, and, conceding that plaintiff made the proposal, it does not appear that the corporation ever assented thereto.

For the reasons given, the judgment and order are reversed.

Allen, P. J., and James, J., concurred.