[L. A. No. 3662. In Bank.—October 13, 1914.]

CHARLES H. BLAIR, Appellant, v. BROWNSTONE OIL
AND REFINING COMPANY, and F. H. ALLEN,
Respondents.

FINDING—DISTRICT COURT OF APPEAL CANNOT MAKE.—The making of
findings of fact is within the exclusive province of the trial court,
and the district court of appeal has no authority to make findings of
its own.

APPEAL BY NEW METHOD—REVIEW OF EVIDENCE—OMISSION TO GIVE
NOTICE OF ENTRY OF JUDGMENT.—On an appeal taken under the
provisions of section 941b of the Code of Civil Procedure, more than
sixty days after the entry of judgment, the contention that the
evidence is insufficient to sustain the findings may be examined,
where it fails to appear that any notice of the entry of judgment
had been served on the appellant.

CORPORATIONS—OIL COMPANY—AUTHORITY OF OFFICERS—CANCELLATION
OF WRITTEN CONTRACT.—The secretary and the field manager of an
oil company have no authority to cancel a written contract entered
into between the company and a third person for the sinking by the
latter of an oil well on lands of the company.

ID.—RATIFICATION OF UNAUTHORIZED CANCELLATION—KNOWLEDGE OF
DIRECTORS.—Mere knowledge by a majority of the board of directors
of the company of the attempted cancellation of the contract by
such officers, without the directors doing anything with reference
to the matter, did not amount to a ratification of the cancellation.

ID.—FORMAL ACTION OF DIRECTORS NECESSARY TO RATIFICATION.—A
ratification of the cancellation of the written contract could only
be accomplished by a formal act of the board of directors.

ID.—DISTINCTION BETWEEN RATIFICATION AND ESTOPPEL TO DENY
VALIDITY OF CONTRACT—APPELLATE COURT CANNOT MAKE FINDING
OF ESTOPPEL.—There is a well-defined distinction between ratifica-
tion of an agreement and facts constituting an estoppel of the par-
ties thereto to deny its validity; and where there has been a finding,
not supported by proof, of the ratification of such contract of can-
cellation, the appellate court cannot affirm the judgment founded
thereon, if the facts tend to establish an estoppel *in pais* not found
by the trial court.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

William H. Fuller, and Charles E. Putnam, for Appellant.

Leonard B. Slosson, and George E. Farrand, for Respondents.

MELVIN, J.—This case went twice to the district court of appeal.  On the first appeal (17 Cal. App. 472, [120 Pac. 41]) that court approved the finding of the superior court that Blair had been prevented from completing the contract to deepen one of the oil wells of the defendant corporation by reason of the latter's failure to furnish the necessary materials for the proper prosecution of the work as provided in said agreement.  The judgment was reversed, however, because there was no finding to the effect that the corporation had authorized the cancellation of the contract, although there was sufficient evidence to support a finding that plaintiff had given such authorization.  The language of the district court of appeal in deciding this point we quote below:

"The court further found that plaintiff and defendant, in September, 1909, compromised and settled between themselves all claims or demands of any nature existing between them, and did then and there each release the other from any and all claims and demands growing out of the work done by plaintiff under the said contract, and by mutual agreement canceled and destroyed said contract, together with another made between said parties upon the same date.  Defendant was a corporation, and the contract made was in writing.  It appears from the evidence that several months after plaintiff had ceased work upon the well, he called upon the secretary of the defendant company and, according to the testimony of the secretary, said that he did not want the contract in question, nor another contract made for the drilling of a new well, brought up against him upon a claim for damages.  The secretary said: 'What do you want me to do?' to which plaintiff replied: 'I want the contract destroyed.'  The secretary then said: 'The contract is not here, Mr. Blair; I have not got it, but I can get it.'  'Well,' said the plaintiff, 'you can destroy the signatures and send it to me.'  Later the secretary sent one copy of the contract, which was executed in duplicate, to plaintiff with the name of the president of the company cut off.  Section 1699 of the Civil Code provides: 'The destruction or cancellation of a written con-

tract, or of the signature of the parties liable thereon, with intent to extinguish the obligation thereof, extinguishes it as to all the parties consenting to the act.' Under the provisions of this section, the evidence quoted would justify the finding complained of, were it not for the fact that the record is silent in that it fails to show any authority, either express or implied, on the part of the secretary to thus release plaintiff from his obligations under the terms of the contract, if he had in fact, without defendant's fault, failed to comply with the terms thereof. The act of the secretary was wholly without any authority on the part of the board of directors of the corporation. Nor is it made to appear from the record that the corporation had any notice of the secretary's act or proposed rescission of the contract, and no facts are shown from which a ratification thereof would follow. The effect of the attempted rescission and release was to make a new contract between the parties, and, conceding that plaintiff made the proposal, it does not appear that the corporation ever assented thereto.''

Upon a second trial the superior court again found that plaintiff was prevented from doing the work by reason of the failure of defendant to furnish the proper tools for the deepening of the well, and likewise found that the sum of $1,634.65 became due from defendant to plaintiff as damages, on the twenty-second day of February, 1909. There was a further finding that the parties to the action did on or about the first of October, 1909, compromise and settle between themselves all claims or demands of any nature then existing, and by mutual consent did destroy and cancel the contract upon which the complaint in this action was based, and ''that said agreement of compromise and settlement was made on behalf of said defendant by its secretary, and immediately thereafter and prior to the commencement of this action and prior to any demand or claim made on said defendant by plaintiff, said defendant ratified and confirmed said agreement of compromise and settlement.'' Judgment was accordingly entered in favor of defendant and plaintiff appealed to the district court of appeal from said judgment and from an order denying his motion for a new trial. That court approved the finding that damages in the sum of $1,634.65 became due from defendant to plaintiff on February 22, 1909 (the amount prayed for having been somewhat greater), but held that the

plaintiff had been induced to enter into the alleged contract of compromise under the mistaken belief that as defendant's president had been without authorization to sign the original written agreement between plaintiff and the corporation, that contract was invalid, the representatives of the Brownstone Oil Company having concealed from plaintiff the fact that while there had been no previous authorization of the president's act there had been a ratification of the said contract by defendant's board of directors. The district court of appeal accordingly decided that there had been no consideration for the cancellation of the contract in suit, that the finding of a valid obliteration of that agreement was without support and ordered the trial court to enter judgment in favor of plaintiff for $1,634.65 with interest thereon from February 22, 1909. A motion for a hearing in this court was granted because we discovered no findings in the record sufficient to support the ordered judgment. There was absolutely no finding by the trial court either that the defendant, fraudulently or othewise, concealed the alleged ratification of the original contract from Blair or that the latter was ignorant of such ratification. The district court of appeal had no authority to make findings of its own upon that subject. The making of findings of fact is within the exclusive province of the trial court. (*Kellogg* v. *King,* 114 Cal. 389, [55 Am. St. Rep. 74, 46 Pac. 166].)

We have, therefore, examined the finding of the superior court with reference to the contract of compromise.

The appeal was taken more than sixty days after the entry of judgment and respondent contends that therefore the sufficiency of the evidence to support the said findings may not be considered, citing section 939 of the Code of Civil Procedure. The appeal was taken, however, under the provisions of section 941b of the Code of Civil Procedure, and it does not appear that any notice of the entry of judgment had been served on the plaintiff. Consequently it is proper for us to examine the contention that the evidence does not sustain the findings. (*Fraser* v. *Sheldon,* 164 Cal. 168, [128 Pac. 33].) The settlement which the court found to have been made was effected by the plaintiff, Blair, with Herbert Mills, the secretary, and Earl Carr, the field manager of the Brownstone Oil and Refining Company. It was in evidence that the business of the corporation was transacted by the secretary

and the manager, At that time the directors of the corporation were Earl Carr, P. S. Carr, J. S. McCloskey, O. J. Stowe, and J. A. Donlon. After the settlement was accomplished and before plaintiff sought to repudiate it, Mills, according to his testimony, told directors Donlon and Stowe that such arrangement had been made with Blair, and Earl Carr testified that he had similarly notified P. S. Carr and J. A. Donlon. It will thus be seen that a majority of the board of directors knew of the arrangement between Blair and their secretary and their manager relative to the destruction of the written agreement. The mere failure of the directors to do anything with reference to the agreement betwen Blair and their officers by which it was sought to cancel the contract between the corporation and Blair did not amount to a ratification of that agreement of cancellation. A ratification of the cancellation of the original written contract could only be accomplished by a formal act of the board of directors. (Civ. Code, sec. 2310.) The record fails to show any such formal act and therefore the judgment must be reversed for the same reason that the district court of appeal reversed it on the first appeal. It might perhaps be argued that there was a mutual estoppel of Blair and the defendant to deny the execution of the contract of cancellation. But there is no finding of such estoppel, and where, as here, there has been a finding of ratification not supported by the proof, this court may not affirm the judgment if the facts tend to establish an estoppel *in pais* not found by the court. There is a well-defined distinction between ratification of an agreement and facts constituting an estoppel of the parties thereto to deny its validity. (*Blood* v. *La Serena L. & W. Co.,* 113 Cal. 222, [41 Pac. 1017, 45 Pac. 252].)

The judgment and order are reversed.

Henshaw, J., Lorigan, J., Sloss, J., and Shaw, J., concurred.