[Civ. No. 1922. Second Appellate District.—November 23, 1917.]

## CHAS. H. BLAIR, Respondent, v. BROWNSTONE OIL AND REFINING COMPANY (a Corporation), et al., Appellants.

CONTRACT TO DEEPEN OIL WELL—FAILURE TO FURNISH NECESSARY TOOLS —MEASURE OF DAMAGES.—Where, under a contract to deepen a well, the contracting party is prevented from fully performing his contract by the failure of the other party to furnish the necessary tools and appliances, as agreed, the exclusive measure of damages is not the amount of profits lost by reason of cessation of work, but the former may recover the amount which he was induced to expend on the faith of the contract, including a fair allowance for his own time and services, since a party who has voluntarily and wrongfully put an end to a contract cannot say that the party injured has not been damaged to the amount of what he has been induced fairly and in good faith to expend.

ID.—CONTRACT FOR SERVICES—RESCISSION—DAMAGES.—When a party injured by the stoppage of a contract elects to rescind, he cannot recover any damages for the breach of the contract, either for outlay or for loss of profits, but he can recover the value of his services actually performed as upon a *quantum meruit*.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Leonard B. Slosson, and Geo. E. Farrand, for Appellants.

William H. Fuller, and Chas. E. Putnam, for Respondent.

WORKS, J., *pro tem.*—This case has been heard three times in the trial court, by a different judge on each occasion. On each of the two earlier trials judgment went for the defendant, but the judgments were reversed on appeal in each instance. (*Blair* v. *Brownstone Oil & Refining Co.*, 17 Cal. App. 471, [120 Pac. 41]; Id., 168 Cal. 632, [143 Pac. 1022].) On the trial which last took place judgment was recovered by the plaintiff. The defendant appeals from the judgment and from an order denying its motion for a new trial.

The parties entered into a contract by which Blair agreed to deepen a well for the Brownstone Company at an agreed price for each foot of increase of depth. By the contract the company bound itself to supply to Blair all tools, machinery, and appliances to be used in the performance of his work. Blair had proceeded to a certain stage of the work when its further prosecution was stopped by the refusal of the company to furnish a certain cable needed in his operations and which it was the company's duty to supply under the clause of the contract binding it to provide tools and appliances. Blair brought this action, in two counts, to recover from the company for his operations under the contract. The first count is for damages, the second for the reasonable value of the work done. The trial court determined that the same sum was due upon each of these alternative counts and rendered judgment for the amount.

Under the count for damages evidence was received of the amount of Blair's expenditures under his partial performance of the agreement, as well as evidence showing the value of his own services. The amount for which judgment was rendered is the total of these figures. No evidence was offered tending to show what profit Blair lost by reason of his cessation of work under the contract. The company contends that the only proper measure of damages in the case is the loss of profit, and that, as there was no evidence upon that point, the finding of the court that Blair was damaged in the amount for which judgment was allowed is not supported by the evidence.

To the proposition that the amount of profits lost is the sole measure of damages counsel cite *Hale* v. *Trout,* 35 Cal. 229, *Winans* v. *Sierra Lumber Co.,* 66 Cal. 61, [4 Pac. 952] , *McConnell* v. *Corona City Water Co.,* 149 Cal. 60, [8 L. R. A. (N. S.) 1171, 85 Pac. 929], and *Ahlers* v. *Smiley,* 163 Cal. 200, [124 Pac. 827]. These cases lay down the familiar rule that loss of prospective profits under an uncompleted contract is a proper measure of damages, but they decide nothing as to the exclusiveness of that measure. The rule which supports the judgment in this action is well expressed in *United States* v. *Behan,* 110 U. S. 338, 345, 347, [28 L. Ed. 168, 4 Sup Ct. Rep. 81, 84], where it is said:

"When a party injured by the stoppage of a contract elects to rescind it, then, it is true, he cannot recover any dam-

ages for a breach of the contract, either for outlay or for loss of profits; he recovers the value of his services actually performed as upon a *quantum meruit*.   There is then no question of losses or profits.   But when he elects to 'go for damages for the breach of the contract, the first and most obvious damage to be shown is, the amount which he has been induced to expend on the faith of the contract, including a fair allowance for his own time and services.   If he chooses to go further and claims for the loss of anticipated profits, he may do so, subject to the rules of law as to the character of profits which may be thus claimed.   It does not lie, however, in the mouth of the party, who has voluntarily and wrongfully put an end to the contract, to say that the party injured has not been damaged at least to the amount of what he has been induced fairly and in good faith to lay out and expend, including his own services, after making allowance for the value of materials on hand; at least it does not lie in the mouth of the party in fault to say this, unless he can show that the expenses of the party injured have been extravagant and unnecessary for the purpose of carrying out the contract. . . . It is to be observed that when it is said in some of the books, that where one party puts an end to the contract, the other party cannot sue on the contract, but must sue for the work actually done under it, as upon a *quantum meruit;* this only means that he cannot sue the party in fault upon the stipulations contained in the contract, for he himself has been prevented from performing his own part of the contract upon which the stipulations depend.   But surely, the willful and wrongful putting an end to a contract, and preventing the other party from carrying it out, is itself a breach of the contract for which an action will lie for the recovery of all damage which the injured party has sustained.   The distinction between those claims under a contract which result from a performance of it on the part of a claimant, and those claims under it which result from being prevented by the other party from performing it, has not always been attended to.   The party who voluntarily and wrongfully puts an end to a contract and prevents the other party from performing it is estopped from denying that the injured party has not been damaged to the extent of his actual loss and outlay fairly incurred.''

The rule thus strikingly laid down finds support in other authorities, in which further cases will be found plentifully

cited upon the point. (3 Sutherland on Damages, 3d ed., sec. 713, pp. 2182, 2183; *Cederberg* v. *Robison,* 100 Cal. 93, [34 Pac. 625]; *Holt* v. *United Security L. Ins. & Trust Co.,* 76 N. J. L. 585, [21 L. R. A. (N. S.) 691, 72 Atl. 301, 307]; *Brady* v. *Oliver,* 125 Tenn. 595, [Ann. Cas. 1913C, 376, 41 L. R. A. (N. S.) 60, 147 S. W. 1135, 1142].)

As the judgment is sustainable under the count for damages, it is not necessary to consider objections made by the appellant to the judgment as depending upon the other count.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 22, 1917.