### BULLOCK TRACTOR CO. v. KNAPP et al.*

(Circuit Court of Appeals, Ninth Circuit. January 3, 1921. Rehearing Denied February 14, 1921.)

No. 3549.

1. **Principal and agent** ☞47—**Sales agent has implied warranty goods will be fit for resale.**

In a contract appointing a sales agent for the sale of tractors, which contained no express warranty in favor of the agents, but did contain a copy of the warranty which the agents were authorized to make their customers, the agents, although not entitled to the benefit of the warranty in favor of the customers, had an implied warranty that the tractors furnished them for sale would be reasonably fit for that purpose.

2. **Principal and agent** ☞47—**Evidence held to show breach of warranty of fitness for sale.**

Evidence that 13 of the 22 tractors furnished by defendant to plaintiffs, sales agents, were of defective material and manufacture, so that parts thereof wore out after a few days' operation, *held* to sustain the trial court's finding that there was a breach of the implied warranty that the tractors would be fit for the purposes for which they were intended.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 254 U. S. —, 41 Sup. Ct. 536, 65 L. Ed. —.

**3. Principal and agent ☞47—Sales agent can recover entire expenditure to perform contract breached in part by principal.**

Where a sales agent incurred expenditures and devoted his time to the sale of tractors, and the sale of 13 of the 22 tractors furnished him was impossible, because of the breach of the manufacturer's implied warranty of fitness for sale, the agent can recover for his entire expenditure and services, without apportioning their value between the tractors which were sold and those which could not be sold.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Action by J. Herbert Knapp and another, as partners, against the Bullock Tractor Company. Judgment for the plaintiffs for part only of the amount claimed, and both parties bring error. Judgment modified and reversed.

Action in damages by Knapp & Black, partners, against Bullock Tractor Company for breach of a written contract made on March 10, 1915, between Knapp, called agent, and the Tractor Company, called the company. Under the contract Knapp, appointed sales agent for the Creeping Grip tractors and attachments and repairs, agreed to receive all goods shipped under the agreement at the written request of the agent; to pay freight from factory; to keep the goods in good condition, and make good any damages resulting from improper handling or storage until sold or reshipped; to keep the goods free from charges and expense to the company; to collect from the purchaser the freight on all goods sold, and to make no charge for freight handling, storage, or other expenses, under conditions not now material; to deliver, set up, and fairly start every machine sold, and to instruct purchasers how to adjust the machines; to take a signed order from each purchaser, the order to be subject to the approval and acceptance of the company; to use or give no warranty, other than the regular warranty, which is incorporated in the order blank furnished by the company, printed on the back of the contract, and made a part thereof.

The company was to pay to the agent as commission 15 per cent. discount from the list prices which are set forth in detail, commission to be paid on machines only when sold and settled for "and none shall be paid on machines returned nor on orders, nor on repairs furnished gratis on machines." The agent was to receive, as commission on all repairs for tractors or attachments, 25 per cent. off the list price, and the agent agreed to pay all freight and express on the same, the agent to be responsible for all tractors purchased and ordered in writing through him and shipped under the contract, and to make settlement promptly for same with the net cash price named in the contract, after deducting the expressed commission on all machines so ordered in writing by him under the contract as provided. All machines ordered, repair parts, or goods shipped were to be held by the agent as the exclusive property of the company until the purchase money was paid in full. The company agreed to use its best efforts to complete and ship all machines ordered, and was not to be held responsible for damage in case of inability to furnish the goods or any part thereof. The contract was not to be binding upon the company until approved by an officer thereof, and it could not be changed in any of its provisions by any person without the written approval of an officer of the company at Chicago.

On the back of the contract was a warranty and a form of order for the purchaser to sign. The order set forth that the purchase was made subject to all the conditions of agreement and warranty printed on the back of the order and made a part thereof; the purchaser also agreeing that the tractor should be held as the exclusive property of the company until the purchase money was paid in full. The warranty was in effect that the tractor would be well made of good material and durable, if used with proper

care. The company agreed to furnish free defective parts within a year, and if upon three days' trial with proper care the tractor should fail to work and notice were given to the agents, a capable expert would be sent to give assistance to the operator.

The company denied all claim for damages, and set up that there was but one contract, and that upon computation of debits and credits there was a balance of $5,020.23 due the company. This sum was arrived at by taking the amount received by the agents, $13,061.38, and deducting the amount remitted, $6,283.03, which leaves $6,778.35. From this a deduction of 15 per cent. of the amount received is made, which leaves $4,819.14, and the difference between $4,819.14, claimed to be due the company, and $5,020.23, is alleged to be for parts.

The case was tried to the court, which found that the contract was continued by mutual consent up to and including June 30, 1916; that prior to the execution of the contract plaintiffs had not seen any of the tractors, and had no opportunity to examine them, but that defendant warranted the tractors to be well made, of good material, suitable to do the work usually done with horses and mules; that plaintiffs relied upon the representations and warranties, and thereupon and by reason thereof made the written contract already referred to, and agreed to act as agents of the defendant, and rented a suitable place; that they received from defendant twenty-two tractors and parts, paid the freight thereon, and stored and cared for the same, and advertised and exhibited the tractors, and did all they could to promote sales and expended $9,771 in advertising, storage, and other expenses. It was found that Knapp, one of the plaintiffs, gave his entire time to the business from April 1, 1915, to July 1, 1916, and that his services were reasonably worth $2,000; that Black gave his entire time from February 1, 1916, to July 1, 1916, and that his services were worth $600. The court found that the tractors were not as represented and warranted, were not well made, would not do the work designed, were not free from defective materials and workmanship, but that in vital parts the materials of which they were made were inferior; that when experts endeavored to demonstrate and operate the tractors, they would apparently work well for three or four days, but in practical use in the control of skilled mechanics they would fail to work satisfactorily; that the tractor proved to be wholly unfit for the uses for which they were intended and were not durable, and that the parts would wear out within three or four days. It was found that there was a large demand for tractors such as those had been represented to be, but that there was no demand for tractors such as defendant furnished; that defendant agreed to remedy the defects, and that before the tractors were proved to be imperfect plaintiffs sold a few, but that the defects soon were known, and that thereafter all of the tractors were unsalable; that nine tractors and some parts were sold during fifteen months, for which plaintiffs were paid the gross sum of $13,061.38, of which $6,283.03 was paid by plaintiffs to defendant, and $6,778.35 was retained by plaintiffs and applied in payment of necessary expenses already referred to. It was also found that plaintiffs lost their entire time spent under the contract, by reason of the defective tractors and the inability to sell the tractors; that they lost the amount expended in endeavoring to carry out the contract, except in so far as the sum was offset by the $6,778.35 retained from the gross receipts; that plaintiffs had accounted to defendant for all goods, except one harrow, and that the goods, except the harrow, had been sold or returned, and that damages sustained by plaintiffs should be diminished by the value of the harrow, $60; that during the time from the first delivery of the tractors to plaintiffs, to June 30, 1916, plaintiffs frequently notified defendant of the defects, and defendant promised to remedy the faults, and that by reason of the promises plaintiffs continued to work under the contract, trying to remedy defects, until June 30, 1916, when defendant failed and neglected to remedy the defects, and refused to attempt to furnish workable and salable tractors; that the nine tractors which were sold were sold after expenditures were made in attempting also to sell tractors which were defective; but the court found that the amounts expended in

connection with the sale of the nine tractors and those which were not sold could not be apportioned, and also that it was impossible to determine the amount of time spent by plaintiffs in selling the nine tractors and the time spent in attempting to sell tractors which were not salable.

Defendant was found guilty of a breach in furnishing to plaintiffs 13 unsalable tractors, while plaintiffs were found to have faithfully endeavored to carry out the contract. The court awarded plaintiffs as damages $600, and as a conclusion of law gave judgment for $540, which was evidently $600, less $60, the value of the harrow not accounted for. The $540 was evidently computed as in addition to the $6,778.35 retained by plaintiffs.

Bicksler, Smith & Parke, of Los Angeles, Cal., for plaintiff in error and cross-defendant in error.

Ray W. Bruce, of Los Angeles, Cal., for defendants in error and cross-plaintiffs in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] Keeping in mind that by the terms of the written contract of agency the agents were authorized to make sales pursuant to the provisions of the contract, it is clear that the agents had authority to give a purchaser the warranty printed on the back of the contract of agency. This warranty was that the tractors sold would be made of good material and durable if used with proper care, and that in the event any trouble with the tractors was due to defective material or workmanship, and an expert could not make the tractors work well, then the purchaser should immediately return the tractor to the agents and the price should be refunded which should constitute a settlement in full of the transaction. But as between the principal and the agents there was no warranty stipulation other than such as the law implied. The implication of law, however, made it the duty of the Tractor Company, the maker of the tractors, to furnish to the agents tractors reasonably fit for the general purposes for which the manufacturing company authorized the agents to sell the tractors (Williston on Sales, § 232; Bucy v. Pitts Agricultural Works, 89 Iowa, 464, 56 N. W. 541); and considering the nature of the subject-matter, it is obvious that the general purpose of a creeping gasoline tractor for farm work is to do such work as has been usually done by horses and mules.

[2] Do the findings show that this implied warranty was broken? The specific findings are that certain of the tractors furnished to the agents were defective in both materials and workmanship; that the vital parts subjected to heavy wear, and which should be made of the best materials obtainable and highly tempered, were made of soft and inferior metals and wore out within three or four days; that the tracks would not remain in their proper positions; that the pistons would wear out in less than a month's use and that the engine heated to such an extent in so short a length of time as to make the tractors wholly unfit for practical use on farms and in orchards in California, and that the engines would not develop enough power to draw the load the tractor was designed to draw; that they were not durable and were wholly unfit to do the work for which they were designed, notwithstanding the fact that skilled and experienced mechanics were employ-

ed to operate and adjust them. In plain words, the tractors were not reasonably fit for the purposes intended and were not salable. For breach of the implied warranty we believe the agents can sustain this action. Little v. G. E. Van Syckle & Co., 115 Mich. 480, 73 N. W. 554. While in many respects the warranties given to the purchaser and the implied warranty are similar in effect, the express warranty given to the purchaser went beyond the conditions of the implied; for instance, as to notice of defects being given by the purchaser within a certain time. The agents are therefore confined to the implied warranty for upon that they made their contract with the manufacturer.

In Wood Mower & Reaping Co. v. Thayer, 50 Hun, 516, 3 N. Y. Supp. 465, there was a contract between the Mower Company and one Thayer, by which the company gave to Thayer exclusive right to the sale of machines within certain territory. The complaint pleaded performance by the company and delivery of machines. Defendant admitted the agreement, but denied performance, and pleaded that the company had delivered imperfectly constructed and unmerchantable machines and machines unsuitable for the purposes for which they were manufactured. The Supreme Court of New York held that the contract construed with reference to the nature of the business implied a warranty on the part of the company that the machines should be reasonably fit for the purposes for which they were intended, and should be salable. The court said:

"Otherwise, how could the defendant sell them? Or, how could he realize anything from them either for the plaintiff or himself? The evidence shows that the machines, if made in a good and workmanlike manner, and of proper materials, were reasonably fit for the purpose for which they were made, and were salable. Unless these machines should be of this character, the whole business would be wrecked at the outset. Instead of * * * salable machines the defendant would have a mass of rubbish. * * * Here the defendant was the factor of the plaintiff for the express purpose of making sales of plaintiff's machines, and it was of the essence of the contract that the machines should be salable."

We approve this reasoning and sustain the right of the plaintiffs below to a judgment.

Let us now turn to the question of damages. Plaintiffs below sold nine tractors during the fifteen months for which they were employed, and collected from purchasers for the nine tractors and repairs therefor the gross sum of $13,061.38. Of this amount they paid to the Tractor Company $6,283.03, which left $6,778.35 retained by plaintiffs to be applied on the payment of $14,330.99, made up of time expended, $2,600, commissions, $1,959.20, plus $9,771.79, expenses which the court found had been necessarily incurred by them in rent, freight, advertising, telegrams, and other incidental items connected with the handling of tractors and parts. From this there should be deducted 15 per cent. of $13,061.38 commissions, which is $1,959.20. This left $12,371.79, from which there should be deducted $6,778.35, the amount retained, which leaves (after deducting $60 on account of the harrow) $5,533.44, which plaintiffs below claim they are entitled to recover.

[3] But the court found that, nine tractors having been sold as salable, the portions of the expense heretofore referred to incurred by

plaintiffs, which related to the nine tractors could not be separated from the expenses in connection with the efforts to sell the tractors which could not be sold. Nor could the court make apportionment with respect to the award for time spent in connection with tractors sold and those not sold. But as the court found that the Tractor Company was guilty of a breach and that the agents lived up to their obligations under the contract, the damages to the plaintiffs would be the amount which would compensate them for all the detriment proximately caused by breach of the contract or which in the ordinary course of things would be likely to result therefrom. United States v. Behan, 110 U. S. 338, 4 Sup. Ct. 81, 28 L. Ed. 168; Grosse v. Peterson, 30 Cal. App. 482, 158 Pac. 511; Blair v. Brownstone Oil & Refining Co., 35 Cal. App. 394, 170 Pac. 160. It would therefore follow that the agents should recover the actual expense to which they were put in living up to their contract.

There can be no recovery for profits that the agents would have realized by performing the contract because there is no specific finding that plaintiffs lost profits. The actual loss by way of necessary expenditures for which they are entitled to recover is $9,771.79. They are entitled, however, to recover for value of time and services, because under the findings Knapp diligently and honestly gave his entire time to the business from April 1, 1915, to June 30, 1916, and his services were worth $2,000, while Black gave his entire time between February 1, 1916, and June 30, 1916, and his services were worth $600. United States v. Behan, supra.

We conclude, therefore, that as against $9,771.79, found to have been actual and necessary outlay, there are no credits other than $6,778.35, allowed by the court as an offset. This leaves $2,993.44 and the value of the services. Sixty dollars for the harrow unaccounted for should be deducted. Knotts v. Clark Construction Co., 249 Fed. 181, 161 C. C. A. 217.

The judgment rendered was erroneous, and is set aside, and the cause is remanded, with directions to the District Court to render judgment in favor of plaintiffs below in accordance with the views herein expressed, together with interest and costs.

Modified and reversed.